PAUL CALLAHAN v. SWIFT & COMPANY AND ANOTHER.
MARYLAND CASUALTY COMPANY, RESPONDENT.
STATE TREASURER, CUSTODIAN OF SPECIAL
COMPENSATION FUND, RESPONDENT.

196 N. W. 2d 303.

March 17, 1972—No. 42988.

*Jardine, Logan & O'Brien* and *Alan R. Vanasek,* for relators.

*Roger Sax,* for respondent employee.

*Scholle, Schweiger & Scholle* and *Mark Scholle,* for respondent Maryland Casualty.

*Warren Spannaus,* Attorney General, and *Winston Ehlmann,* Special Assistant Attorney General, for respondent state treasurer.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

The order here for a review is a decision of the Workmen's Compensation Commission apportioning between two insurance carriers liability for benefits arising out of successive industrial accidents. The commission ordered the first carrier, Security Mutual Casualty Company, to pay the employee, Paul Callahan, $32 a week, and the second carrier, Maryland Casualty Company, $28 a week. We affirm.

In 1953, the employee, while working for Swift & Company, suffered a 30-percent permanent partial disability to his back found to be work-related. That accident was insured by Security Mutual. In 1968, while still employed by Swift, Mr. Callahan sustained a second injury which resulted in a permanent total disability in 1970. That accident was covered by Maryland Casualty. The commission found that the first accident accounted for 85 percent of the disability and the second accident 15 percent.

Under the present law, the employee is entitled to $60 a week. However, at the time of the first accident, the maximum compensation was $32 a week. Accordingly, the commission apportioned the payment of benefits between the carriers by ordering Security Mutual to pay $32 a week for the first accident, and Maryland Casualty $28 a week for the second accident. The only issue is whether the commission should have limited the liability of Security Mutual to 85 percent of $32 or $27.20 a week, rather than $32.

The result for which Security Mutual contends may be logical but if adopted would result in limiting the liability of Maryland Casualty to 15 percent of $60 a week, or $9. The only invariables in this formula seem to be the $32 maximum under the 1953 law and the $60 maximum under the present law. The commission was faced with the problem of working out a solution within the limits of these figures and did the best it could by imposing $32 on Security and the balance of $28 on Maryland. However arbitrary this procedure appears to be it is obvious that no formula which is entirely rational can be applied and still confer the benefits which the law directs. We are of the opinion that the results are not so unjust or inequitable as to require a reversal.

Affirmed.